ORDER DENYING PETITION FOR REVIEW
A Petition for Review having been filed on February 25, 2002, by Ruth Necklace, pro ae, from a Judgment of Default issued by the Tribal Court on February 8, 2002, the Honorable Barry C. Bighorn Sr., presiding.
*258 The appellant complains that the Tribal Court unlawfully entered a default on her complaint seeking a $200.00 balance allegedly owing on the sale of a vehicle to the defendants. Following the filing of her complaint, the Tribal Court impounded the vehicle to preserve the status quo. The defendants then filed a cross-complaint for possession of the vehicle. The Tribal Court calendared a trial date for January 23, 2002 and issued an order scheduling discovery. Neither of the parties appeared at the appointed time on the 23rd, however, the defendants did appear approximately one hour late. The Tribal Court then calendared another trial date for February 0, 2002. Appellant was served with this new trial date on January 23, 2002, and she immediately filed an affidavit with the Court stating that she had a medical appointment in Glasgow, MT., on February 6, 2002, and she requested the Court’s indulgence to once again continue the matter.
On February 6, 2002, appellant did not appear for trial, apparently assuming that her request had been honored. The defendants did appear and the Tribal Court, after noting appellant’s affidavit, dismissed her complaint, vacated the impound order and granted defendants possession of the vehicle. In its order, the Tribal Court noted that this was the second time that defendant failed to appear for trial, that she had not filed a witness list, that she offered no information as to whether the medical appointment could have been rescheduled and ultimately concluded that the appellant was not committed to prosecuting her case. The appellant states in her petition for review that she had not been served with notice of the January 23rd hearing, however, a certificate of service by mail appears in the record and signed by Janice Garfield, a clerk of the Tribal Court, certifying the summons -was mailed on January 3, 2002.
This Court does not favor defaults, however, all litigants are expected to comply with the rules of Court and must show commitment to the causes they bring to the Tribal Court. Above all, our litigants cannot file a request of the Court and then walk away assuming their request has been granted.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
1. Based upon the papers filed by Appellant, this Court could not determine any legal basis upon which to review the lower court judgment, therefore, the Petition is denied.
2. All Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this Petition, are herewith restored and shall be given full force and effect without further delay.